UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITIZENS BANK, N.A.,

    Plaintiff,

v.

HOWARD L. MARGOLIS, ET AL.,

    Defendant.

_____/

Case No. 20-cv-12393

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EMERGENCY EX PARTE MOTION FOR IMMEDIATE AND EXPEDITED DISCOVERY [#4]**

## I. INTRODUCTION

On September 2, 2020, Plaintiff Citizens Bank, N.A. ("Citizens Bank") filed the instant action against Defendants Howard Margolis ("Margolis"), RBC Capital Markets, LLC, and RBC Wealth Management, a division of RBC Capital Markets, LLC (collectively referred to as "RBC"). *See* ECF No. 1. In its Complaint, Plaintiff alleges that Margolis intentionally solicited Citizens Bank clients to transfer their business to RBC in violation of his prior employment agreements with Plaintiff. *Id.* Plaintiff brings nine federal and state claims against Defendants, including breach of contract and conversion claims as well as violations of the Defend Trade Secrets Act and the Michigan Uniform Trade Secrets Act. *See id.* at PageID.21-32.

1

Presently before the Court is Plaintiff's Emergency Ex Parte Motion for Immediate and Expedited Discovery, filed on September 2, 2020. ECF No. 4. This Motion was filed concurrently with Plaintiff's Motion for Temporary Restraining Order, which this Court granted on September 3, 2020. ECF No. 10. Because both of Plaintiff's motions were filed ex parte, this Court ordered Plaintiff to serve Defendants with a copy of the pleadings and required Defendants to file a response to the discovery motion by September 8, 2020. *Id.* This matter is fully briefed. ECF Nos. 12, 13. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant motion on the briefs. *See* E.D. Mich. L.R. § 7.1(f)(2). For the reasons stated herein, the Court will **GRANT IN PART** and **DENY IN PART** Plaintiff's Emergency Ex Parte Motion for Immediate and Expedited Discovery [#4].

## II. BACKGROUND

Defendant Howard Margolis began working at Plaintiff Citizens Bank in 2015 as a Senior Vice President. ECF No. 1, PageID.44. In 2018, he was promoted to Senior Vice President, PWM Advisor Group Market Lead. *Id.* at PageID.71. In accordance with his employment at Citizens Bank, Margolis signed employment agreements in 2015 and 2018, both of which included non-solicitation agreements. *Id.* The 2018 document included the following non-solicitation language:

> You also agree that during your employment . . . and for a period of 365 days following the termination of employment for any reason, you will not directly or indirectly (through any corporation, partnership or other business entity of any kind) solicit, assist in soliciting for business or entice away or in any manner attempt to persuade any client or customer or prospective client or customer to discontinue or diminish his, her or its relationship or prospective relationship with Citizens or its affiliates, or otherwise provide business to any person, corporation, partnership or other business entity of any kind other than Citizens or its affiliates.

*Id.* at PageID.72.  Defendant Margolis was terminated from his position at Citizens Bank on July 15, 2020.  *Id.* at PageID.16; ECF No. 12-3, PageID.271.  Upon his termination, Margolis states that he returned all of his Citizens Bank material and equipment, including his computer and client files, to a Citizens Bank employee.  *See* ECF No. 12-3, PageID.274.  About a month later, Margolis joined Defendant RBC Wealth Management, a division of RBC Capital Markets and began his employment on August 20, 2020.  *Id.* at PageID.272.

Plaintiff commenced this action alleging that "immediately upon joining RBC, Margolis began contacting and soliciting Citizens Bank's clients" in violation of his non-solicitation agreements.  ECF No. 4, PageID.185.  Plaintiff supports its claim by providing documentation of Margolis' social media posts and emails that purportedly demonstrate attempts at solicitation.  *See* ECF No. 1, PageID.89, 95.  Citizens Bank also contends that Margolis is "utilizing the intangible confidential, proprietary, and trade secret information" from Citizens Bank in order to solicit clients from Plaintiff to RBC.  ECF No. 4, PageID.185.

Upon Defendant's alleged conversations and solicitations of targeted clients, Citizens Bank sent Margolis a cease and desist letter on August 28, 2020 demanding that he refrain from contacting Citizens Bank clients or accessing confidential and proprietary client information. ECF No. 1, PageID.100. Plaintiff states that Margolis failed to respond to the letter, while the RBC Defendants "provided nothing substantive in response." *Id.* at PageID.20. Citizens Bank now seeks immediate and expedited discovery pending the September 16, 2020 hearing on the preliminary injunction in order to determine the scope and substance of Margolis' purported solicitation attempts. ECF No. 4, PageID.188.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26, a court is authorized to permit discovery prior to the Rule 26(f) conference of the parties. Fed. R. Civ. P. 26(d)(1); *See Arab Am. Civil Rights League v. Trump*, No. 17-10310, 2017 WL 5639928, at *2 (E.D. Mich. Mar. 31, 2017). Expedited discovery may be granted upon a showing of good cause. *Id.*; *see Arista Records, LLC v. Does 1–15*, No. 2:07–CV–450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007). The party seeking expedited discovery bears the burden of demonstrating good cause. *Fabreeka Int'l Holdings, Inc. v. Haley*, No. 15-CV-12958, 2015 WL 5139606, at *5 (E.D. Mich. Sept. 1, 2015); *see Qwest Communications Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

To determine whether good cause exists, a district court may consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for the request; (4) the burden to comply; and (5) how far in advance of the typical discovery process the request was made." *Arab Am. Civil Rights League*, No. 17-10310, 2017 WL 5639928 at *2 (quoting *Oglala Sioux Tribe v. Van Hunnik*, 298 F.R.D. 453, 456 (D.S.D. 2014)). The moving party must demonstrate that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (citing *Fabreeka*, 2015 WL 5139606, at *5). In determining whether good cause exists, the Court may also consider whether evidence may be lost or destroyed with time and whether the scope of the proposed discovery is narrowly tailored. *See Caston v. Hoaglin*, Civ. No. 2:08–cv–200, 2009 WL 1687927, at * 2 (S.D. Ohio June 12, 2009).

### III. DISCUSSION

In this case, Plaintiff argues that expedited discovery is necessary to ascertain the extent of Margolis' violation of his non-solicitation obligations and the extent of RBC's and Margolis' tortious interference with Plaintiff's business relationships. Citizens Bank also seeks to investigate whether and to what extent Margolis has misappropriated Plaintiff's confidential, proprietary, and trade secret information.

Upon consideration of the parties' arguments, the Court finds that Citizens Bank has demonstrated good cause exists for limited expedited discovery. Plaintiff seeks discovery to prepare for the hearing on the preliminary injunction, buttressing Citizens Bank's need for an expedited schedule. *Oglala Sioux Tribe*, 298 F.R.D. 453, 456. The information sought will purportedly assist Citizens Bank in ascertaining the extent of the Defendants' wrongful actions and to prevent further solicitation and interference with its business relationships. Further, the emergent nature of Plaintiff's request, which is mere days from the preliminary injunction hearing, suggests that there is good cause to grant expedited discovery here. *Cf. MedImpact Healthcare Sys., Inc. v. IQVIA Holdings, Inc.*, No. 19CV1865-GPC-LL, 2019 WL 6310554, at *3 (S.D. Cal. Nov. 25, 2019) ("The fact that there is currently no pending motion for preliminary injunction weighs against expedited discovery because its absence lessens the urgency for early discovery.").

Contrary to Plaintiff's arguments, however, its discovery requests are not narrowly tailored. Defendants' assertions of prejudice are supported by the expansiveness of Plaintiff's requested discovery, especially within this proposed expedited schedule. For instance, Citizens Bank casts a wide net for the production of "all" and "any" documents from multiple years related to Margolis and his time at both Citizens Bank and RBC. *See, e.g.,* ECF No. 4-2, PageID.204. But these requests are not narrowly tailored to the scope of the issues raised in Plaintiff's

Motion for Preliminary Injunction. In its proposed discovery requests, Plaintiff seeks information beginning far before Margolis' termination date of July 15, 2020. Therefore, the request for communications and documents from early January 2018 bear minimal relevance as to whether Margolis violated his non-solicitation, ethical, and confidentiality obligations in the summer of 2020. These responsive discovery requests are not narrowly tailored with respect to the time period Plaintiff aims to address in its preliminary injunction matter, which weighs against a finding of good cause to grant the request in full.

Plaintiff's requests for a forensic review of Margolis' personal mobile devices, computers and tablets, as well as its requests for the contents of Margolis's email account at RBC, are also overbroad at this stage of the litigation. ECF No. 4-2, PageID.205. The Court agrees with Defendants that "an unlimited forensic review of [] personal information and a competitor's confidential business information" would be unduly prejudicial at this time. ECF No. 12, PageID.261. Requiring RBC to turn over Margolis' email account may implicate confidentially concerns for RBC's other clients. Additionally, Plaintiff's current forensic inspection requests are not narrowly tailored because Citizens Bank seeks information covering a two-year period—even though the Complaint alleges that Margolis's breach of his employment agreement occurred no earlier than July of 2020. Unlike this Court's earlier decision in *Fabreeka*, the procedural posture and condensed time frame of

7

the instant matter cautions against a finding of good cause to allow any forensic review at this time. *Fabreeka Int'l Holdings, Inc. v. Haley*, No. 15-CV-12958, 2015 WL 5461528, at *4 (E.D. Mich. Sept. 15, 2015) (allowing a limited "forensic examination of the computers involved in the case that [were] in the possession and control of Defendants" and estimating that the process would take several weeks.).

Finally, Plaintiff seeks to depose Defendant Margolis, Peter Strek, who is an RBC Branch Director, and additional unnamed third parties prior to the preliminary injunction hearing. ECF No. 4, PageID.180. Defendants oppose this request and argue that Citizens Bank "should not be allowed to conduct any depositions without limitations or parameters." ECF No. 4, PageID.262. The Court agrees with Defendants that Plaintiff has not demonstrated the need for limitless depositions to occur prior to a Rule 26(f) conference with the parties. However, the Court is persuaded by Citizens Bank's arguments that it may benefit from certain depositions that are limited in scope prior to the preliminary injunction hearing.[1] Depositions of

---

[1] Defendants argue that Plaintiff failed to issue a Rule 30(b)(6) deposition notice for Peter Strek. However, Rule 30(b)(6) notices are required only when a subpoena is directed to an organization, not an individual. *See* Fed. R. Civ. P. 30(b)(6) ("In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity . . . the named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf."). Because Plaintiff seeks to depose Peter Strek as an individual and not as a designated representative of RBC as a corporate entity, it was not required to issue a proposed 30(b)(6) deposition notice here.

8

Margolis and Strek may be necessary to determine (1) the full extent of Margolis' and RBC's alleged possession of Citizens Bank's proprietary information; (2) the extent of Margolis' and RBC's alleged interference with Citizens Bank's business relations or prospective clients; and (3) the extent of the alleged breach of Margolis' non-solicitation agreement.

As such, Plaintiff may seek discovery covering the narrow time period of July 15, 2020 through present day. Plaintiff may not seek "any" and "all" documents as proposed in its discovery requests, but must instead tailor these requests to the allegations concerning Margolis's alleged breach of the confidentiality, ethics, and non-solicitation obligations in his employment agreements. The Court will also allow Plaintiff to depose both Defendant Margolis and Peter Strek in a limited manner about the three specific issues listed *supra*. The deposition of Margolis will be limited to **three hours**, while the deposition of Strek will be limited to **two hours**. Finally, the Court will preclude Plaintiff from conducting forensic analysis at this early juncture because Plaintiff has not demonstrated good cause exists for obtaining this discovery on an expedited basis.

Accordingly, Defendants' shall answer and produce the following information to Plaintiff's counsel:

**Interrogatory Requests to Margolis:**

1. Please identify personal and professional email addresses you have used to send or receive communications from July 15, 2020 through the present.

2. Please identify all cell phones, mobile devices, computers, and tablets used by you at any time from July 15, 2020 forward.

3. Please identify personal and professional phone numbers you have used from July 15, 2020 through the present.

4. Please list all methods you have used to obtain, extract, or transfer files, documents, or information from your Citizens Bank-issued computer or from Citizens Bank's IT systems or otherwise from Citizens Bank (*e.g.*, personal computer, tablet, mobile or other device, cloud storage, thumb drive, external hard drive, emails to third-party email accounts, printing, or physical retention and failure to return all copies, etc.).

5. Please list any persons or entities you have shared, stored or retained as referenced in interrogatory number 3.

6. Please identify all RBC-issued cell phones, mobile devices, computers and tablets used by you.

7. Please identify all persons or entities you have had contact or communications with from July 15, 2020 forward that were: (i) clients, customers or prospective clients or customers introduced to you by Citizens

    Bank or its affiliates; (ii) customers of Citizens Bank or its affiliates (whether introduced to you through Citizens Bank or its affiliates, or previously known to you); or (iii) customers or clients of Citizens Bank or its affiliates whose identity as a client or potential client became known to you as a result of your employment at Citizens Bank or its affiliates.  For each such instance of contact or communication, provide the following information:

    a. The date on which the contact/communication occurred;

    b. Which person or entity initiated the contact/communication;

    c. Whether the contact/communication was by phone, in-person, email, text message, social media messaging, or a social media post;

    d. The substance of that contact/communication;

    e. Produce records of any such contact or communications (i.e., memoranda or notes, emails, text messages, social media messaging, calendar appointments, social media postings, etc.)

### **Document Requests to Margolis:**

1. All electronic or physical documents, data, or information in your possession belonging to Citizens Bank that you caused to be removed from Citizens

Bank's property, premises or control, including but not limited to, documents containing confidential information that belongs to Plaintiff.

2. Any documents that reflect, refer, or relate to communications you have had with any Citizens client or customer (including prospective client or customer) that was not communication from an official Citizens email account since July 15, 2020 forward.

3. Any document that reflects, refers, or relates to communications you have had with RBC since July 15, 2020 concerning your ethics, confidentiality and non-solicitation obligations set forth in your employment agreements with Citizens Bank.

4. Any document you plan to rely upon in support of your opposition to Plaintiff's Motion for Preliminary Injunction.

5. Any documents reflecting attempts by RBC or you to solicit or contact clients known by you to be clients of Citizens Bank occurring from July 15, 2020 to the present.

**Document Requests to RBC:**

1. Produce any documents related to Margolis's Citizens Bank Employment Agreements concerning Margolis's ethics, confidentiality and non-solicitation obligations from July 15, 2020 forward.

2. Any documents that reflect, refer or relate to communications you have had with Margolis from July 15, 2020 forward concerning Margolis's ethics, confidentiality and non-solicitation obligations set forth in his Citizens Bank Employment Agreements.

3. Any document you plan to rely upon in support of your opposition to Plaintiff's Motion for Preliminary Injunction.

4. Identify the email accounts used by Margolis.

5. Any documents reflecting attempts by Margolis or you to solicit or contact clients known by you to be clients of Citizens Bank occurring from July 15, 2020 to the present.

### IV. CONCLUSION

Accordingly, Plaintiff's Emergency Ex Parte Motion for Immediate and Expedited Discovery [#4] is **GRANTED IN PART** and **DENIED IN PART**.

Defendants' discovery production and answers shall be due to Plaintiff's counsel **no later than September 14, 2020 at 9:00 p.m.**

Defendant Margolis and Peter Strek **shall be available on September 15, 2020 from 8 a.m. to 5 p.m.** to appear for the deposition. The parties shall cooperate on a mutually agreeable time for the depositions to accommodate scheduling needs. The deposition of Margolis will be limited to **three hours**, while the deposition of Strek will be limited to **two hours**.

**IT IS SO ORDERED.**

_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: September 11, 2020

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 11, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager