UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITIZENS BANK, N.A.,

    Plaintiff,

v.

HOWARD L. MARGOLIS, ET AL.,

    Defendants.
_____/

Case No. 20-cv-12393

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, DENYING PLAINTIFF'S MOTION FOR CONTEMPT, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS, DENYING PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE, AND DENYING PLAINTIFF'S MOTION FOR AN EXPEDITED BRIEFING SCHEDULE [#32] AND DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF OR IN THE ALTERNATIVE FOR LEAVE TO FILE A SUR-REPLY [#40]**

**I. INTRODUCTION**

This action concerns the alleged violations of contractual non-solicitation and confidentiality provisions by Defendants Howard Margolis ("Margolis"), RBC Capital Markets, LLC, and RBC Wealth Management, a division of RBC Capital Markets, LLC (collectively referred to as "RBC"). Presently before the Court is a Motion to Compel, for Contempt and Sanctions, for an Order to Show Cause and for an Expedited Briefing Schedule, filed by Plaintiff Citizens Bank, N.A. ("Citizens Bank") on October 16, 2020. ECF No. 32. Plaintiff alleges that Defendants have repeatedly failed to comply with Interrogatory Number 7 and Production Request

1

Number 2, which are listed in this Court's previous Order granting in part Plaintiff's request for expedited discovery. *See* ECF No. 15. Plaintiff's present Motion is fully briefed, and a hearing was held on the matter on December 16, 2020.

Additionally, Defendants filed a Motion to Strike Plaintiff's Reply Brief or in the Alternative for Leave to File a Sur-Reply. ECF No. 40. This matter is fully briefed as well, and upon review of the parties' submissions regarding the Defendants' Motion, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve Defendants' Motion on the briefs. *See* E.D. Mich. L.R. § 7.1(f)(2).

For the reasons that follow, the Court will **DENY** Plaintiff's Motion to Compel, **DENY** Plaintiff's Motion for Contempt, **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Sanctions, **DENY** Plaintiff's Motion for an Order to Show Cause, and **DENY** Plaintiff's Motion for an Expedited Briefing Schedule [#32] and **DENY** Defendants' Motion to Strike Plaintiff's Reply Brief or in the Alternative for Leave to File a Sur-Reply [#40].

## II. Factual and Procedural Background

The facts giving rise to this action were set forth in this Court's September 11, 2020 Opinion and Order granting in part Plaintiff's Emergency Motion for Discovery and this Court's December 23, 2020 Opinion and Order denying Defendants' Motion to Compel Arbitration. *See* ECF Nos. 15, 52. Accordingly, the

Court will only discuss the facts necessary to resolve the motions presently before it.

On September 3, 2020, this Court issued a Temporary Restraining Order enjoining Defendants from soliciting Citizens Bank-affiliated clients or utilizing Citizens Bank's confidential information in accordance with two prior employment agreements between Citizens Bank and Margolis. *See* ECF No. 10. In preparation for the imminent preliminary injunction hearing, Plaintiff filed a motion requesting expedited and expansive discovery regarding Defendants' alleged actions during and after Margolis' employment at Citizens Bank. *See* ECF No. 4.

On September 11, 2020, this Court allowed Plaintiff to seek limited discovery "covering the narrow time period of July 15, 2020 through present day." ECF No. 15, PageID.447. The information Plaintiff could acquire included interrogatory responses, production requests, and two limited depositions in preparation for the preliminary injunction proceedings. *Id.* Specifically, Defendants were ordered to answer and produce information in accordance with specific interrogatory requests, including the following provisions:

> Please identify all persons or entities you have had contact or communications with from July 15, 2020 forward that were: (i) clients, customers or prospective clients or customers introduced to you by Citizens Bank or its affiliates; (ii) customers of Citizens Bank or its affiliates (whether introduced to you through Citizens Bank or its affiliates, or previously known to you); or (iii) customers or clients of Citizens Bank or its affiliates whose identity as a client or potential client became known to you as a result of your employment

at Citizens Bank or its affiliates. For each such instance of contact or communication, provide the following information:

a. The date on which the contact/communication occurred;

b. Which person or entity initiated the contact/communication;

c. Whether the contact/communication was by phone, in-person, email, text message, social media messaging, or a social media post;

d. The substance of that contact/communication;

e. Produce records of any such contact or communications (i.e., memoranda or notes, emails, text messages, social media messaging, calendar appointments, social media postings, etc.)

*Id.* at PageID.448 ("Interrogatory Number 7"). Additionally, Defendants were required to produce: "Any documents that reflect, refer or relate to communications you have had with Margolis from July 15, 2020 forward concerning Margolis's ethics, confidentiality and non-solicitation obligations set forth in his Citizens Bank Employment Agreements." *Id.* at PageID.451 ("Production Request Number 2").

Plaintiff subsequently received significant data from Defendants, including multiple supplemental and amended responses. ECF No. 32, PageID.811. Notably, Defendants produced over six hundred responsive documents on the evening of September 14, 2020. *Id.* at PageID.811; ECF No. 36, PageID.910. Finding this initial production deficient because Defendants did not provide guidance about the contents of the documents, Plaintiff requested supplementation no later than the

4

following morning. *Id.* at PageID.811; ECF No. 36, PageID.911. Defendants complied and supplemented its production with "the Bates numbers for the emails, texts, and notes of contact with the clients," including a Call Log created by Margolis. *Id.*

Plaintiff argues that the original Call Log was largely illegible and contained significant omissions. ECF No. 32, PageID.811. Defendants maintain that the Call Log was submitted in good faith and "contained information regarding the client's name, contact information, the public source where Margolis obtained the contact information, the date of contact with the client, the method of such contact, and Margolis' contemporaneous notes of such contact." ECF No. 36, PageID.912. Later that morning, Defendants supplemented its production again with a brief description about additional meetings Margolis had with certain clients. *See id.* at PageID.812. Plaintiff deposed Margolis on that same day, September 15, 2020. *Id.*

Dissatisfied with the original productions and subsequent supplementation, Plaintiff notified Defendants on September 18, 2020 that it still believed Interrogatory Number 7 had not been answered in full. ECF No. 32, PageID.812. In response, Defendants provided an updated version of the Call Log. *Id.* Plaintiff states that it reiterated its concerns on September 21, 2020 and requested another amendment and supplementation because it believed Interrogatory Number 7 remained incomplete. *Id.*

5

On September 24, 2020, the parties entered into a stipulated preliminary injunction. *See* ECF No. 27. The discovery disagreements between the parties, however, did not stop there. In accordance with its obligations under the stipulated preliminary injunction, Defendants were required to notify Plaintiff when a former Citizens Bank client submitted a written request to transfer their account to RBC. *See id.* at PageID.583. Consequently, Defendants notified Plaintiff on four separate occasions of four client transfers between October 6, 2020 to October 19, 2020. ECF No. 36, PageID.913. Plaintiff states that these disclosures were insufficient and did not meet the requirements under Interrogatory Number 7 and Production Request Number 2, and thus demanded supplementation via email. ECF No. 32, PageID.814. Defendants assert that they responded to this request as soon as it was feasible. ECF No. 36, PageID.914. From Defendants' description of its subsequent supplementations, Defendants produced documents, voicemails, and contact notes regarding these additional client transfers after Plaintiff filed its instant Motion. *Id.*

In its Reply, Plaintiff takes issue with some of the specific information obtained from Defendants' most recent supplementations. *See* ECF No. 37, PageID.971. Plaintiff points to emails and communications Margolis had with a "Client A," "Client B," and "Client C" who all transferred their accounts from Citizens Bank to RBC after contact with Margolis. *Id.* Specifically, Plaintiff highlights that emails from August 28, 2020 with Client A and August 24, 2020 with

6

Client C were never produced ahead of Margolis' deposition and the preliminary injunction proceedings. *Id.* at PageID.972-974.

### III. STANDARD OF REVIEW

"A district court has the inherent power to sanction a party when that party exhibits bad faith." *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 520 (6th Cir. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–50 (1991). Beyond a court's inherent sanction powers, Federal Rule of Civil Procedure 37 also sets forth sanctions that may apply to violations of court orders requiring a party to respond to discovery requests. FED. R. CIV. P. 37(a). Violations of court orders may include failures to timely produce relevant information or respond to properly served interrogatory requests. FED. R. CIV. P. 37(d)(1)(A)(ii). A district court may impose a variety of sanctions, including attorney fees and costs. FED. R. CIV. P. 37(a)(4). If a party fails to comply with a court's order, Rule 37(b)(2) provides more severe sanctions, such as striking pleadings, prohibiting a party from introducing matters into evidence, or dismissal against the party failing to obey discovery directives. FED. R. CIV. P. 37(b)(2)(C); *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 986 (6th Cir. 1988).

Rule 37 also allows a party to move for an order compelling disclosure or discovery upon notice to other parties. FED. R. CIV. P. 37(a)(1). The district court may generally order reasonable fees to be paid if it grants the motion "or if the

disclosure or requested discovery is provided after the motion was filed." FED. R. CIV. P. 37(a)(5)(A)(i)-(iii). However, sanctions may not be appropriate in circumstances that would make an award unjust, including if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." *Id.*

### III. DISCUSSION

Plaintiff Citizens Bank seeks an order sanctioning Defendants and holding them in contempt for failure to fully comply with Interrogatory Number 7 and Production Request Number 2. Plaintiff specifically takes issue with the sufficiency of the Call Log and Defendants' failure to produce emails exchanged in late August, before the preliminary injunction proceedings. In response, Defendants maintain that they have complied with discovery in good faith and additionally point to Plaintiff's failure to meaningfully seek concurrence under this Court's local rules before filing the present motion.

As an initial matter, it is clear that the parties disagree about the scope and definition of Defendants' discovery obligations at this stage. Under the language of this Court's prior Order regarding expedited discovery, Plaintiff was permitted to "seek discovery covering the narrow time period of July 15, 2020 through present day" in preparation for the preliminary injunction proceedings. ECF No. 15, PageID.447. This information was tailored to "allegations concerning Margolis'

alleged breach of the confidentiality, ethics, and non-solicitation obligations in his employment agreements." *Id.* Importantly, however, the parties have not yet participated in a Rule 26(f) conference; Defendants' discovery obligations were primarily directed towards the resolution of the preliminary injunction.

With this perspective, and based on the record before this Court, it is not evident that Defendants acted in bad faith when they failed to comply with its discovery directives and Plaintiff's requested amendments. To the contrary, the facts suggest that Defendants amended and supplemented Plaintiff's discovery requests at least four separate times. Plaintiff maintains that Defendants have repeatedly failed to provide the "substance" of Margolis' communications with prior and prospective clients in accordance with Interrogatory Number 7. But the Call Log, once amended from its original form, does include the date, method, and description of the communication between Margolis and the relevant clients, as well as further action steps that were taken. *See* ECF No. 44-2, PageID.1153; ECF No. 36-4, PageID.942. While the Call Log's information does not provide line-for-line recitations of Margolis' conversations, this Court's orders do not require that degree of specificity. In that respect, the parties' disagreement over the sufficiency of the Call Log does not warrant the imposition of severe sanctions.

Plaintiff further argues that Defendants violated Federal Rule of Civil Procedure 33 in their initial disclosure of hundreds of business records on September

9

14 and 15, 2020. ECF No. 32, PageID.816; FED. R. CIV. P. 33(d). Under Rule 33, a party may refer an opposing party to business records in lieu of answering interrogatories by traditional means if "the burden of deriving or ascertaining the answer will be substantially the same for either party." FED. R. CIV. P. 33(d). Magistrate Judge Michael Hluchaniuk has explained that the party providing the business records should "demonstrate that answering the interrogatory in the traditional manner would impose a burden on it." *Mooney v. City of Dearborn*, No. 08-12124, 2008 WL 4539513, at *2 (E.D. Mich. Oct. 8, 2008).

Here, Defendants were ordered to produce significant discovery regarding Margolis' conduct in a truncated period of time. Specifically, this Court's September 11, 2020 Order required a discovery turnaround time of approximately three days so that Plaintiff could conduct Margolis' deposition on September 15, 2020. These circumstances persuade the Court that answering Plaintiff's interrogatories in the traditional manner would have imposed a considerable burden on Defendants. Plaintiff is correct, however, that the initial production on the evening of September 14, 2020 was deficient because it did not "specify[] the records that must be reviewed[] in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" FED. R. CIV. P. 33(d)(1). But Defendants quickly amended this deficiency by sending the "Bates numbers for the emails, texts, and notes of contact with the clients" early the next

morning and prior to Margolis' deposition. ECF No. 36, PageID.911. While imperfect, Defendants' conduct did not appear to be in bad faith and, under a totality of the circumstances, was adequate given the condensed time frame.

But while Plaintiff may not have met its burden to demonstrate that severe sanctions are warranted, Defendants are not without fault. In accordance with the parties' stipulated preliminary injunction order, Defendants were ordered to cease any further client solicitations and promptly notify Plaintiff upon receipt of any client transfers to RBC from Citizens Bank. ECF No. 27, PageID.583. These obligations have remained in effect since September 24, 2020. *Id.* Notwithstanding this requirement, Plaintiff has highlighted information it has received since filing its Motion, including documents related to Clients A and C, that demonstrates Defendants' failure to comply with the full scope of this Court's prior orders. Notably, Plaintiff points to two sets of emails between August 24, 2020 and August 28, 2020 that were subject to Defendants' discovery obligations but purportedly withheld from Plaintiff until after the filing of the instant Motion.

The Court is troubled by the emails and other documentation that were not produced by Defendants a month after Margolis' first deposition, even though the information was subject to this Court's September orders. Conversations discussing variances in fee structures between Citizens Bank and RBC, as well as virtual pitch meetings, are actions that may violate the preliminary injunction and the non-

11

solicitation and non-compete provisions of Margolis' employment agreements. This information should have been provided to Plaintiff prior to Margolis' first deposition, and Defendants' failure to produce this information until now is concerning.

But while Plaintiff highlights this withheld information, Defendants are also correct to point out Citizens Bank's failure to meaningfully seek concurrence and comply with the spirit of Local Rule 7.1. E.D. MICH. L. R. § 7.1. During the hearing, Plaintiff admitted that its Motion was filed on a Friday evening, only fifteen minutes after emailing opposing counsel seeking concurrence. It justified its actions by arguing that the past month bore repeated failures by Defendants to produce discovery and disagreements about the scope of the discovery requests, even culminating in an October 13, 2020 email broadly stating that Plaintiff intended to "raise these deficiencies with the Court." This generic statement, however, falls short of the requirement for "meaningful, good faith compliance with the [local] rule." *Shehee v. Saginaw Cty.*, No. 13-13761, 2014 WL 12604850, at *1 (E.D. Mich. Nov. 19, 2014).

The Court is therefore confronted with improprieties arising from both parties in this matter. As discussed above, the perceived deficiencies of the Call Log and Defendants' production of business records in accordance with Rule 33(d) do not demonstrate that Defendants acted in bad faith warranting the imposition of

12

monetary sanctions. Further, this case is still in its infancy, and the Court is not persuaded that a word-for-word recitation of each conversation Margolis had with former or prospective clients is required either. However, it is clear that (1) relevant and discoverable emails—particularly those related to Clients A and C—were not produced in accordance with Defendants' discovery obligations, and (2) the descriptions of certain meetings, including the October 16, 2020 WebEx meeting, were conclusory and insufficient. If Plaintiff's speculation about Defendants' behavior is true, Plaintiff may be subject to further irreparable harm—specifically what the stipulated preliminary injunction was intended to prevent.

Accordingly, the Court finds that permitting a limited continuation of Margolis' deposition from September 15, 2020 is a fair sanction and resolution for the present dispute. This deposition will be limited in scope; Citizens Bank may depose Margolis regarding his conduct with Clients A, B, and C, as well as any other purported violations of the preliminary injunction. Margolis' continued deposition on these specified issues will be limited to **four hours**. The Court will decline to impose further sanctions, hold Defendants in contempt, or issue an order to show cause at this juncture.

Additionally, Defendants seek to strike Plaintiff's reply brief or, in the alternative, file a sur-reply in light of Plaintiff's discussions about Clients A, B, and C in its reply. *See* ECF No. 40. The decision to strike a brief or "to grant or deny

13

leave to file a sur-reply is committed to the sound discretion of the court." *Mohlman v. Deutsche Bank Nat'l Tr. Co.*, No. CV 15-11085, 2015 WL 13390184, at *1 (E.D. Mich. Sept. 4, 2015) (citing *Soc'y of St. Vincent De Paul in the Archdiocese of Detroit v. Am. Textile Recycling Services*, No. 13-14004, 2014 WL 65230, at *3 (E.D. Mich. Jan. 8, 2014). Plaintiff asserts that Defendants' requested relief here is improper because any new information and arguments presented in its reply brief arose directly from supplemental information received after Plaintiff filed its Motion. ECF No. 41, PageID.1100. Upon consideration of the parties' arguments and the procedural posture of this issue, the Court agrees with Plaintiff and finds that striking Plaintiff's motion or permitting a sur-reply is not required for the disposition of this matter. *See CSX Transportation, Inc. v. Benore*, 154 F. Supp. 3d 541, 555 (E.D. Mich. 2015) (declining to find good cause for the additional briefing and summarily denying the defendants' motion for leave to file a sur-reply).

## IV. CONCLUSION

For the reasons discussed herein, the Court will **DENY** Plaintiff's Motion to Compel, **DENY** Plaintiff's Motion for Contempt, **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Sanctions, **DENY** Plaintiff's Motion for an Order to Show Cause, and **DENY** Plaintiff's Motion for an Expedited Briefing Schedule [#32] and **DENY** Defendants' Motion to Strike Plaintiff's Reply Brief or in the Alternative for Leave to File a Sur-Reply [#40].

The parties shall cooperate to find a mutually agreeable time and accommodate scheduling needs for Margolis' continued deposition. Margolis' deposition will be limited to **four hours**. This continued deposition will not preclude Plaintiff from later deposing Margolis once the normal discovery period for this case commences.

**IT IS SO ORDERED.**

                                            s/Gershwin A. Drain_____
                                            GERSHWIN A. DRAIN
                                            UNITED STATES DISTRICT JUDGE

Dated: December 23, 2020

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 23, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager