UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITIZENS BANK, N.A.,

    Plaintiff,

v.

HOWARD L. MARGOLIS,
RBC WEALTH MANAGEMENT,
and RBC CAPITAL MARKETS, LLC,

    Defendants.
_____/

Case No. 2:20-cv-12393
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO QUASH SUBPOENA TO HOWARD MARGOLIS' WIFE, LISA MARGOLIS, AND ALTERNATIVELY, FOR A PROTECTIVE ORDER LIMITING THE SCOPE OF THE SUBPOENA (ECF No. 63)

In this lawsuit, Citizens Bank seeks relief from its former employee, Howard L. Margolis, and his new employer, RBC. Plaintiff alleges breaches of contract by Defendant Margolis (Counts I & II), tortious interference with contract or contractual relations by RBC (Count V), and various other causes of action against all Defendants (Counts III, IV, VI, VII, VIII & IX).

On May 19, 2021, Plaintiff issued a subpoena to testify at a deposition in a civil action to Lisa R. Long-Margolis, Defendant Margolis' wife. (ECF No. 63-2.) Shortly thereafter, Defendants filed a motion to quash this subpoena or enter a protective order limiting its scope (ECF No. 63), which has been referred to me for

hearing and determination and is now fully briefed (ECF Nos. 64, 66, 68, 72, 73, 80).

On July 8, 2021, the Court conducted a video hearing at which Attorneys Paul Wilhelm, Jonathan Scobie, Phillip Korovesis, and Kevin Majewski appeared. For the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein</u>, Defendants' motion (ECF No. 63) is **DENIED** to the extent it sought an order "quashing the Subpoena to Lisa Margolis" but is **GRANTED** to the extent it alternatively sought entry of "a Protective Order limiting the scope of the Subpoena[,]" although the scope of the protection differs from Defendants' proposal. (ECF No. 63, PageID.1370.) The Court concludes, *inter alia*, that federal common law applies, and the privilege against adverse spousal testimony is thus not applicable in this civil action; however, the confidential marital communications privilege is applicable, has been asserted and has not been waived. (*See also* ECF No. 66, PageID.1415-1424; ECF No. 73, PageID.1506-1510.) Notwithstanding the applicability of this privilege, it may be that Lisa Margolis has non-privileged, discoverable information, and taking her deposition is not necessarily cumulative. Accordingly, the Court imposes the following modifications of or limitations to the subpoena:

- Lisa Margolis will not be deposed until after Kenneth Ross has been deposed. Fed. R. Civ. P. 26(d)(3).

2

- Her deposition is limited to 2 hours; thus, Plaintiff would be wise to avoid asking questions that would obviously invade the privilege. Fed. R. Civ. P. 30(c)(2).

- With respect to the Subpoena's requests for documents which are in Lisa Margolis's *possession, custody or control*[1] (ECF No. 63-2, PageID.1403):

  - She must produce any and all emails, text messages and/or chats to and/or from Howard L. Margolis dated after June 1, 2020 "regarding his job search[,]…the interview process, and any offer for employment," except for spousal communications where Defendant Margolis and Lisa Margolis are the only senders and recipients (Doc. Req. No. 1);

  - She must produce and testify about her communications with Ken Ross of RBC (Doc. Req. No. 2) or her communications with any present or former employee, agent or representative of RBC (Doc. Req. No. 3);

  - Given defense counsel's representation that there are no communications between defense counsel and Lisa Margolis (ECF No. 63, PageID.1393) and the fact that she has separate counsel acting on her behalf, the request for her communications with Defendants' counsel's law firm should yield nothing, but, if any exist, she will need to produce such communications and testify about them (Doc. Req. No. 4);

  - She must produce all documents that reflect, refer to, or relate to "documents or information taken or obtained by H. Margolis from Citizens Bank[,]" and "H. Margolis's communications to any person [other than solely Mrs. Margolis] about his actual or prospective employment with RBC[,]" except for spousal communications where

---

[1] Pursuant to Fed. R. Civ. P. 45(a)(1)(A)(iii), this is the limit of what can be expected of her.

> > Defendant Margolis and Lisa Margolis are the only senders and recipients (Doc. Req. Nos. 5, 6);
>
> - She must produce all documents that reflect, refer to, or relate to "any present or former Citizens Bank client(s)[,]" except for: (1) spousal communications where Defendant Margolis and Lisa Margolis are the only senders and recipients; or, (2) documents regarding former Citizens Bank clients who or which are now clients of Morgan Stanley, which is Mrs. Margolis's employer, *i.e.*, she need not produce Morgan Stanley related records or communications for former Citizens Bank clients (Doc. Req. No. 7);
>
> - She must produce "[a]ny and all documents that reflect, refer or relate to H. Margolis's separation from employment with Citizens Bank, including, but not limited to, the restrictions on him in subsequent employment[,]" except for spousal communications where Defendant Margolis and Lisa Margolis are the only senders and recipients (Doc. Req. No. 8);
>
> - She must produce "[a]ll documents that reflect, refer or relate to H. Margolis's non-solicitation agreement(s)[,]" so long as the spousal privilege is not implicated, but she need not produce documents regarding her "contentions about whether injunctive or other relief could or should be obtained against H. Margolis and/or his new employer(s)[,]" as such information is irrelevant and calls for a legal conclusion (Doc. Req. No. 9).

(ECF No. 63, PageID.1392-1393.) To the extent any such documents are in her possession or control, Mrs. Margolis shall produce them at the time of her deposition.

4

Finally, the Court does not award reasonable expenses, as neither party fully prevailed. Fed. R. Civ. P. 37(a)(5)(c).

**IT IS SO ORDERED.**[2]

Dated: July 9, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).